[Civ. No. 14754.   First Dist., Div. Two.   May 8, 1951.]

Guardianship of the Person and Estate of LORENE MAY BOGART, an Incompetent Person. BARBARA ELIZABETH BOGART LO CICERO, Appellant, v. LORENE MAY BOGART, Respondent.

Howard B. Crittenden, Jr., for Appellant.

David Livingston and Louis F. Di Resta for Respondent.

NOURSE, P. J.—The daughter of Lorene May Bogart filed a petition to have her mother declared an incompetent person. After trial the petition was denied, the order of denial containing a recital that the daughter shall be entitled to visit her mother at all reasonable times. A few days later the court made an ex parte order eliminating this recital. Later the court made another ex parte order reciting that "Said Lorene May Bogart is hereby declared sane and competent to manage her affairs."

Appeals are taken from all three orders—the first is attacked on the ground that the evidence of competency was insufficient, the second on the ground that appellant was not given prior notice; the third on the ground that the "findings" are insufficient to show competency.

The attack on the first order is without merit. Witnesses were called by both parties, both lay and professional. They uniformly supported the party calling them. It was left to the trial court to determine what testimony should be accepted. It cannot be contended that the respondent's evidence was insufficient to support the order—and that ends the discussion. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].)

The inclusion in the first order of the provision giving the daughter permission to visit her mother was simple surplusage. The question before the court was solely that of the competency of respondent. In that proceeding the court was without jurisdiction to grant the daughter the right of visitation or to deny it. Since that recital had no part in the order the appellant cannot complain because it was stricken.

The propriety of the third order is at least debatable. The original order did not contain anything in the nature of a finding of competency. The amendment is no great improvement. When the court "declared" that respondent was sane and competent it presumably meant that it thereby found that she was sane and competent. The provisions of section 1230 of the Probate Code and of section 632 of the Code of

Civil Procedure, calling for findings have not been over zealously enforced when the judgment or order contains recitals of facts adjudged sufficient to meet the requirements of "findings of fact." (*Estate of Janes,* 18 Cal.2d 512, 514 [116 P.2d 438].) However, the appellant has suffered no prejudice from the brevity of the "findings," and no prejudice from the fact that they appear in an amended order. A reversal would be limited by a direction to amend the findings and that would benefit neither party.

The orders are affirmed.

Goodell, J., and Dooling, J., concurred.